Case 2:18-cv-00091   Document 19   Filed on 08/23/18 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
August 23, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| QUINTON TANNER SMITH, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-91 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner, Quinton Tanner Smith, is an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") and is currently incarcerated at the James V. Allred Unit in Iowa Park, Texas. Proceeding *pro se*, Petitioner filed this petition pursuant to 28 U.S.C. § 2254 on March 28, 2018,[1] challenging the calculation of his sentences related to his 2016 Nueces County convictions for burglary of a habitation and unauthorized use of a motor vehicle. (D.E. 1).

On July 6, 2018, after an extension was given, Respondent filed a Motion for Summary Judgment. (D.E. 14 and D.E. 15). Petitioner's response was due on or before July 27, 2018. Petitioner failed to file a response in accordance with Local Rule 7.4 and therefore, his failure to respond may be taken as a representation of no opposition to the

---

[1] The petition was signed on March 28, 2018, and received by the Court on April 2, 2018. (D.E. 1, Pages 1 and 10); *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)( A *pro se* prisoner's "habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.")

pending motion. However, the undersigned has considered the substance of the pending motion as Petitioner is proceeding *pro se*. As discussed more fully below, it is respectfully recommended that Respondent's Motion for Summary Judgment be **GRANTED** and Petitioner's application for habeas corpus relief be **DENIED**. It is further recommended a Certificate of Appealability be **DENIED**.

I. **JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254. A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). Jurisdiction and venue are proper in this Court because Petitioner was convicted in Nueces County, Texas, which is within the Corpus Christi Division of the Southern District of Texas. 28 U.S.C. § 2241(d); *Wadsworth*, 235 F.3d at 961; 28 U.S.C. § 124(b)(6).

II. **BACKGROUND**

On January 25, 2016, Petitioner pleaded guilty to burglary of a habitation. (D.E. 15-5, Page 2). Shortly thereafter, on February 5, 2016, Petitioner pleaded guilty to unauthorized use of a motor vehicle. (D.E. 15-5, Page 7). Petitioner was originally placed on deferred adjudication for four years, but after a series of community supervision violations, he was sentenced on April 25, 2017 to two years custody for the burglary of a habitation offense and 18 months custody for the unauthorized use of a motor vehicle offense, with both sentences to run concurrently. (D.E. 17-1; D.E. 17-2 and D.E. 15-5, Page 4). Petitioner received 72 days of pre-sentence jail time credit on the

18 month sentence. (D.E. 17-2, Page 4). On October 31, 2017, Petitioner filed a motion in the convicting court for judgment *nunc pro tunc* seeking additional pre-sentence jail time credit in the unauthorized use of a motor vehicle cause. (D.E. 1, Pages 3-4 and D.E. 15-5, Page 13). On December, 7, 2017 he filed a similar motion for judgment *nunc pro tunc* in the burglary of a habitation cause. (D.E. 1, Pages 3-4 and D.E. 15-5, Page 5). According to the record, Petitioner has not received a response on either motion. Petitioner filed this federal habeas petition on March 28, 2018. (D.E. 1).

### III. ANTITERRORISM AND EFFECTIVE DEATH PENATLY ACT OF 1996 ("AEDPA") 28 U.S.C. §2254

Federal habeas relief is available to a state prisoner only if he is being held in violation of the Constitution, laws, or treaties of the United States. *Boyd v. Scott*, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam) (citation omitted). Under AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (a) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (b) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of

materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies the principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). Although "unreasonable" is difficult to define, the Court noted it is an objective, rather than subjective, standard and emphasized that there is a critical difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001)(citing *Williams*, U.S. 362 at 412-413).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 88 (2011)(*quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A federal habeas court must determine what theories or arguments supported, or could have supported, that state court's decision. Then it must ask whether it is possible that fair minded jurists could disagree that the arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *Harrington*, 562 U.S. at 88. Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *Id.*(*citing Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

The standard is very difficult to meet. "As amended by AEDPA, § 2254(d) stops short of the imposing a complete bar on federal court litigation of claims already rejected in state proceedings…It preserves authority to issue the writ in cases where there is no

possibility fair minded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther." *Id*. "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Id*. at 786-787. In addition, if a decision by a state court is silent as to the reasons for the refusal, a federal habeas court can "look through" the decision and evaluate the last reasoned state court decision. *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999).

A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006). This deference extends not only to express findings of fact, but to the implicit findings of the state court. *Id*. In addition, "where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98.

## IV. SUMMARY JUDGMENT

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show

with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000).

Rule 56 of the Federal Rules of Civil Procedure generally applies to federal habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000)(citations omitted); *see also* FED. R. CIV. P. 81(a)(4)("These rules apply to proceedings for habeas corpus...."). While summary judgment rules apply with equal force in a § 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, Section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court. *See Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke,* 542 U.S. 274 (2004).

V.     **DISCUSSION**

Petitioner seeks credit for three periods of pre-sentence detention related to his burglary of a habitation and unauthorized use of a motor vehicle convictions. (D.E. 1, Pages 6-7). He alleges he is entitled to 4 days of credit on his burglary of a habitation sentence for time served upon his initial arrest prior to being released on bond (D.E. 1, Page 7). Petitioner also alleges he is entitled to 163 days of credit on both sentences for time served on an unrelated cause with a detainer for the instant convictions. (D.E. 1, Page 6). Lastly, Petitioner alleges he is entitled to 63 days of credit on both sentences for

time served upon his arrest pursuant to a motion to revoke probation until he was sentenced. (D.E. 1, Pages 6-7). Respondent argues Petitioner's writ of habeas corpus should be denied and dismissed with prejudice because there is no constitutional right to pre-sentence jail time credit. (D.E. 15-1, Page 9). Alternatively, Respondent argues Petitioner's claims should be dismissed for failure to exhaust state court remedies. (D.E. 15-1, Page 12).

### A. Exhaustion Requirement

A petitioner must fully exhaust state remedies before seeking federal habeas relief 28 U.S.C. § 2254(b). To do so, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). In Texas, exhaustion requires claims be presented to the Court of Criminal Appeals either in a petition for discretionary review or a state application for a writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

The Texas Court of Criminal Appeals has held that when a state trial court fails to give an inmate pre-sentence jail time credit, the appropriate remedy is to raise the claim by a motion for judgment *nunc pro tunc*. *Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004); *see Porter v. Davis*, 2016 WL 6820469, at *2-3 (N.D. Tex. Oct. 11, 2016); *Tatum v. Stephens*, 2013 WL 6231547, at *2 (N.D. Tex. Dec. 2, 2013). If the motion is denied or the trial court fails to respond, "relief may be sought by filing an application for writ of mandamus in a court of appeals." *Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010). Similarly, if the intermediate court of appeals denies

the application, an inmate may seek a writ of mandamus from the Texas Court of Criminal Appeals. *Id*.

In this case, Petitioner has failed to exhaust state judicial remedies because he has not properly presented his claims to the Texas Court of Criminal Appeals. Petitioner filed motions for judgment *nunc pro tunc* in both causes. (D.E. 1, Pages 3-4 and D.E. 15-5, Pages 5 and 13). According to the record, the convicting court has not issued orders on either motion. (D.E. 15-5, Page 5 and 13). Petitioner, however, has not sought a writ of mandamus from the intermediate court of appeals nor from the Texas Court of Criminal Appeals. (D.E. 1, Page 4). Further, Petitioner has not sought state habeas relief. (D.E. 15-4).

Federal habeas courts can only excuse exhaustion where there is "an absence of state corrective process" or circumstances rendering that process "ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). Nothing in the record suggests Petitioner's state remedies are inadequate, and Petitioner makes no such claim. Petitioner was able to seek *nunc pro tunc* relief from the convicting court.

Further, he is entitled to seek writs of mandamus from both the intermediate state appeals court and the Texas Court of Criminal Appeals if lower courts are unresponsive or fail to grant relief. *Ex parte Florence*, 319 S.W.3d at 696. Petitioner is also entitled to seek state habeas relief in the future. *Id*. at 696.

Petitioner has sufficient state judicial and administrative remedies to protect his rights. Because the state has not been afforded a fair opportunity to consider the merits

of Petitioner's claims, the undersigned recommends claims are unexhausted for the purposes of federal habeas review.

### B. Merits

Although Petitioner's claims are unexhausted, "[a]n application for a writ of habeas corpus may be denied on the merits, not withstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Respondent argues Petitioner's application should be denied on the merits because there is no absolute constitutional right to pre-sentence detainment credit. (D.E. 15-1, Page 9). For the reasons set forth below, the undersigned agrees and respectfully recommends the Court deny Petitioner's claims on the merits.

The Fifth Circuit has held that "pre-sentence credit is not an absolute constitutional right." *Jackson v. Alabama*, 530 F.2d 1231, 1238 (5th Cir. 1976). Absent a statute the granting of pre-sentence detainment credit is within the sentencing judge's discretion. *See Gremillion v. Henderson*, 425 F.2d 1293, 1294 (5th Cir. 1970); *Bayless v. Estelle*, 583 F.2d 730, 732 (5th Cir. 1978). However, this principle is not absolute. A state prisoner is constitutionally entitled to pre-sentence detainment credit if he was held on a bailable offense, was unable to make bail due to indigency, and was subsequently sentenced to the statutory maximum sentence for his offense. *See Jackson*, 530 F.2d at 1237 (citations omitted).

However, when the time spent in pre-sentence detainment and the total sentence do not exceed the statutory maximum, the Fifth Circuit has established a "conclusive

presumption that the sentencing judge gave credit for the pre-sentence custody." *See Parker v. Estelle*, 498 F.2d 625, 627 (5th Cir. 1974) (citations omitted). The unfairness of using such a "mechanical calculation" is outweighed by the resources saved. *Bryans v. Blackwell*, 387 F.2d 764, 767 (5th Cir. 1967). While the presumption initially applied in federal court, the Fifth Circuit has extended it to state proceedings as well. *See Matthews v. Dees*, 579 F.2d 929, 931 (5th Cir. 1978); *Parker,* 498 F.2d at 627.

Here, Petitioner seeks a total of 230 days of pre-sentence jail time credit on his two year sentence for burglary of a habitation. (D.E. 1, Pages 6-7). In Texas, burglary of a habitation is a second degree felony. *See* Tex. Penal Code § 30.02(c)(2). Second degree felonies are punishable "for any term of not more than 20 years or less than 2 years." Tex. Penal Code § 12.33. Assuming Petitioner is entitled to all 230 days of credit he seeks, Petitioner's sentence is at most two years and 230 days. Because the statutory maximum sentence for burglary of a habitation is greater than the sum of Petitioner's sentence and time spent in pre-sentence detainment, this Court can conclusively presume the sentencing judge gave all constitutionally required pre-sentence jail time credit. *See Matthews*, 579 F.2d at 931; *Parker,* 498 F.2d at 627.

Petitioner further seeks a total of 226 days of pre-sentence jail time credit on his 18 month sentence for unauthorized use of a motor vehicle. (D.E. 1, Pages 6-7). In Texas, unauthorized use of a motor vehicle is a state jail felony. *See* Tex. Penal Code § 31.07. State jail felonies are punishable "for any term of not more than two years or less than 180 days." Tex. Penal Code § 12.35. As noted above, Petitioner received 72 days presentence credit, which indicates the sentencing judge properly considered and gave

Petitioner appropriate credit for presentence detention.  Because the sentence imposed and the presentence detention is less than the maximum sentence, the Court must presume Petitioner received proper credit.  *Parker,* 498 F.2d at 627.  Additionally, any further credit on Petitioner's shorter, concurrent unauthorized use of a motor vehicle sentence would be of no consequence.

Based on the record, the undersigned recommends Petitioner received all pre-sentence detainment credit to which he is constitutionally entitled and it is respectfully recommended Petitioner's claims be **DENIED** on the merits.

## VI.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA").  A District Court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just rule on would be repetitious."  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general

assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added)

In Petitioner's case, reasonable jurists could not debate the dismissal or denial of the Petitioner's §2254 petition on substantive or procedural grounds, nor find that the issues are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327. Accordingly, it is respectfully recommended the Court not issue a certificate of appealability.

## VII.  RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's Motion for Summary Judgment (D.E. 15) be **GRANTED** and Petitioner's application for habeas corpus relief be **DENIED**. It is further recommended that a Certificate of Appealability be **DENIED**.

ORDERED this 23rd day of August, 2018.

_____
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).